## Case No. 2,462.

### CARSON v. BOUDINOT.

[2 Wash. C. C. 33.] [1]

Circuit Court, D. Pennsylvania. April Term, 1807.

MECHANICS' LIENS—RIGHTS OF LIENORS — EJECTMENT BY EQUITABLE OWNER—GROUND RENT.

1. Ejectment for the recovery of a building which had been purchased by the plaintiff at a sale made by the sheriff, under a lien, entered according to the act of assembly of Pennsylvania securing to mechanics and others the value of materials furnished for the erection of houses, &c.

2. A mechanic who has erected a building on the ground of another, under an agreement with the owner to convey the same on ground rent, becomes the equitable owner of the building, and within the provisions of the act of assembly.

3. A purchaser at a sheriff's sale, under a judgment for the lien, entered according to the law of Pennsylvania, of the equitable ownership, cannot maintain ejectment against the proprietor of the lot of ground on which the building stands.

[Cited in Cooper v. Galbraith, Case No. 3,193.]
[See note at end of case.]

The defendant entered into a contract with one Bartlet, for building three houses on lots belonging to the defendant in Philadelphia; during the building of which the defendant was to advance a certain sum. One of the houses was to be the defendant's, and the other two Bartlet's, upon a certain ground rent; and after the buildings were completed, the defendant was to convey to Bartlet. Bartlet purchased a quantity of the iron work used in the building of the houses, from the lessor of the plaintiff; which not having been paid for, the plaintiff obtained a judgment against him for the amount, and sued out an execution, upon which these houses, or one of them, was levied on, and sold to the lessor of the plaintiff, and was regularly conveyed to him by the sheriff. This ejectment was brought to recover possession of this property, under an act of assembly of Pennsylvania, in 1803; which declares, that every house thereafter built in the city of Philadelphia, or the liberties thereof, shall be subject to the payment, of the debts contracted by the owner or owners thereof for or by reason of any work done, or materials found and provided, by any brickmaker, &c., [enumerating the different workmen,] or by any other person employed in furnishing materials for the erecting such house, before any other lien, which originated subsequent to the commencement of said house; but if such house should not sell for a sum sufficient to pay all the demands for work and materials, the same shall be averaged, and the creditors paid

in proportion; and it provides that no such debt shall remain a lien longer than two years from the commencement of the building, unless an action for the recovery thereof be instituted, or a claim filed within six months after performing the work, or furnishing the materials, in the office of the prothonotary of the county where the houses lie.

Wallace, for the defendant, moved to nonsuit the plaintiff, upon the ground that Bartlet was not the owner, the legal estate being in defendant; and consequently the materials were not furnished to the owner.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

BY THE COURT. Bartlet was entitled to the equitable estate under the agreement with the defendant, and might be as much the owner as if he had been the legal owner. If not the equitable owner, he was authorized to make the building, and might bind the defendant, who was owner.

To this last observation Wallace replied, that if Bartlet was the agent only, then the suit of the plaintiff to establish his demand should have been brought against defendant, instead of Bartlet.

THE COURT, however, on the first point, refused to nonsuit the plaintiff.

Wallace then moved for a nonsuit upon another point; viz. that Bartlet having only an equitable estate, the plaintiff could buy no other kind of estate under the sheriff's sale; and on such a title he could not maintain ejectment in this court.

BY THE COURT. Upon this ground the plaintiff must be called. Upon the lien alone it is admitted an ejectment will not lie. The plaintiff then must rely on the sheriff's deed. But that deed could convey no other or greater estate than Bartlet had, which was merely an equitable one; and such an estate is not sufficient to maintain an ejectment in this court.

The plaintiff suffered a nonsuit.